1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KIM KOCH, et al., On Behalf of Themselves and All Others Similarly Situated | ) ) ) | Case No. **05CV2229 JLS (AJB)** |
| Plaintiffs, | ) ) ) | **ORDER GRANTING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER (1) APPOINTING KIM KOCH, MALIK** |
| vs. | ) ) | **AKRAM, KHOLA HERBERT, WILLIAM GOOSELY, SHERYL** |
| GATEWAY INC., | ) ) | **DEMARCO GREOGRIOUS, JAMEL PERKINS, JULIE LENZ, AND DUSTY** |
| Defendant. | ) ) ) | **K. BROWER AS CLASS REPRESENTATIVES;(2) GRANTING PRELIMINARY** |
| | ) ) ) | **APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT; (3) PROVISIONALLY CERTIFYING** |
| | ) ) ) | **SETTLEMENT CLASS; (4) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO** |
| | ) ) ) | **THE CLASS; AND, (5) SETTING SCHEDULE FOR THE FINAL APPROVAL PROCESS; AND, (6)** |
| | ) ) | **APPOINTING HANDAL & ASSOCIATES AS CLASS COUNSEL** |
| ———————————————— | ) | |

25
26
27
28

1

1

<u>ORDER</u>

2

3       Having reviewed Plaintiffs' Motion for an Order (1) Appointing Plaintiffs as Class

4   Representatives; (2) Granting Preliminary Approval to Proposed Class Action Settlement; (3)

5   Provisionally Certifying Settlement Class Action; (4) Directing Dissemination of Notice and

6   Claim Form to the Class; (5) Setting a Schedule for Final Approval; and (6) Appointing Handal

7   & Associates As Class Counsel (the "Preliminary Approval Motion"), and the Joint Stipulation

8   of Class Settlement Between Plaintiffs and Defendant; Settlement Agreement and Release

9   ("Settlement Agreement") (attached hereto as Exhibit A), along with the files and records of

10  this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

11  <u>CERTIFICATION OF SETTLEMENT CLASS ACTION</u>

12      For settlement purposes, the Parties have proposed conditional certification of the

13  following settlement classes under Federal Rule of Civil Procedure 23 (the "Rule 23 Class"):

14      The Court hereby FINDS and CONCLUDES that the Rule 23 Classes satisfy all of the

15  requirements for certification under Rule 23(a) and Rule 23(b)(3). Each class is sufficiently

16  numerous (over 100 persons) that joinder is impracticable. The members of the Rule 23 Classes

17  share common issues of fact and law regarding

18      The named Plaintiffs' claims are typical of those of the classes they represent, since they

19  arise out of the same policies and practices and course of conduct complained of by all class

20  members. The named Plaintiffs are adequate representatives of the classes they represent, since

21  their interests are co-extensive with those of class members, and they have retained experienced

22  counsel to represent them. Questions of law or fact common to the classes predominate over

23  individualized issues, and a class action is superior to other available methods for the fair and

24  efficient adjudication of the controversy. Because certification of the Rule 23 Classes is

25  proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a

26  class action, would present intractable management problems.

27      Accordingly, the Court hereby CERTIFIES the Rule 23 Classes under Rule 23(a) and

28  Rule 23(b)(3).

2

APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that Class Representatives have claims typical of absent class members and are adequate representatives of those class members.

The Court appoints the named Plaintiffs to serve as Class Representatives of their respective Rule 23 Class. The Court finds that Handal & Associates has extensive experience and expertise in prosecuting consumer class action cases and civil litigation.  The Court appoints Handal & Associates as Class Counsel for the Rule 23 Class Action.

PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

The Court has reviewed the terms of the Settlement Agreement, including the monetary relief provisions, the plan of allocation and the release of claims, and the Plaintiffs' description of the settlement in the Motion papers. The Court has also read and considered the declaration of Anton N. Handal in support of preliminary approval.  Based on review of those papers, and the Court's familiarity with this case, the Court concludes that the proposed settlement is the result of extensive, arms'-length negotiations between the Parties after Class Counsel had investigated the claims and become familiar with the strengths and weaknesses of Plaintiffs' case. The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.

Based on all of these factors, the Court concludes that the proposed settlement has no obvious defects and is within the range of possible settlement approval, such that notice to the Class is appropriate.

**IT IS THEREFORE ORDERED THAT:**

1   The proposed settlement is hereby PRELIMINARILY APPROVED. Final approval is subject to the hearing of any objections of members of the settlement classes to the proposed settlement.

2   Pending the determination of the fairness of the proposed settlement, all further litigation of this action is hereby STAYED.

3

APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE AND CLAIM FORM

The proposed Notice is the best notice practical under the circumstances and allows Class Members a full and fair opportunity to consider the proposed Settlement. The proposed plan for distributing the Notice and Claim Form likewise is a reasonable method calculated to reach all individuals who would be bound by the settlement. Under this plan, the Claims Administrator will distribute the Notice and Claim Form to all members of the Rule 23 Class (collectively, "Class Members") by First Class United States Mail to their last known addresses. There is no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

The Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement classes, the identity of Class Counsel, and the essential terms of the settlement, including the monetary and injunctive relief and the plan of allocation; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and the proposed service payments to Class Representatives; (3) appropriate information about how to participate in the settlement; (4) appropriate information about this Court's procedures for final approval of the settlement, and about class members' right to appear through counsel if they desire; (5) appropriate information about how to challenge or opt-out of the settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation and the settlement.

Similarly, the proposed Claim Form allows eligible claimants a full and fair opportunity to submit a claim for proceeds in connection with the settlement. The Claim Form fairly, accurately, and reasonably informs potential claimants that failure to complete and submit a Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain any share of the settlement fund.

The Court FINDS and CONCLUDES that the proposed plan for distributing the Notice and Claim Form ("Notice Materials") will provide the best notice practicable, satisfies the

4

notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.
Accordingly, the Court hereby ORDERS as follows:

       A.      The manner of distributing the Notice Materials is approved.

       B.      Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

       C.      Class Counsel shall provide the Court, at least five (5) days prior to the fairness hearing, a declaration from the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Notice.

       D.      The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

       1      Fairness Hearing

       The Court hereby schedules a hearing to determine whether to grant final certification of the Rule 23 Class and final approval of the Settlement Agreement (including the monetary relief, proposed plan of allocation, payment of attorneys' fees and costs, and service payments to the Class Representatives) (the "Fairness Hearing") for October 31, 2008, at 9:00 a.m..

       2      Deadline to Request Exclusion from the Settlement

       Class Members may exclude themselves from, or opt-out of, the settlement. Any request for exclusion must be in the form of a written "opt-out" statement sent to the Claims Administrator. A person wishing to opt-out must sign a statement that includes the following language:

> I understand that I am requesting to be excluded from the class monetary Settlement and that I will receive no money from the Settlement Fund created by the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the class monetary provisions in this case.

To be effective, any opt-out statement must be sent to the Claims Administrator via First Class United States Mail, facsimile, or the equivalent, postmarked no later than thirty (30) days after the Claims Administrator first mails the Notice to Class Members. Only those Class Members who request exclusion in the time and manner set forth herein shall be excluded from the settlement. Pursuant to Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and provisions of the settlement shall have no binding effect on any person who makes a timely request for exclusion in the manner required by this Order.

The Claims Administrator shall date stamp the original of any opt-out statement and serve copies on both Class Counsel and counsel for Gateway via facsimile and overnight delivery within five (5) business days of receipt of such statements. Class Counsel shall file copies of all timely requests for exclusion, not timely rescinded, with the Court prior to the Fairness Hearing.

3       Deadline for Filing Objections to Settlement

Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the settlement must do so in writing. Class Members who have timely objected to the settlement in writing may also appear at the Fairness Hearing. To be considered, any objection to the final approval of the Settlement Agreement must state the basis for the objection and be mailed to the Clerk of the Court, Class Counsel, and Counsel for Gateway, at the addresses provided in the Notice, via First Class United States Mail, postage prepaid, postmarked no later than thirty (30) days after the date that Notice is first mailed by the Claims Administrator. Any Class Member who does not timely file and serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

If objections are filed, Class Counsel or counsel for Gateway may engage in discovery concerning the filed objections prior to the Fairness Hearing.

4       Deadline for Submitting Claims Forms

A Class Member who does not opt-out will be eligible to receive his or her proportionate share of the settlement fund. To receive this share, such a Class Member must properly and timely complete a Claim Form in accordance with the terms of the Settlement Agreement. To be effective, the Claim Form must be sent to the Claims Administrator at the address provided in the Notice postmarked no later than twenty-eight days after the final approval of the settlement.  Failure to postmark a completed Claim Form by the deadline shall bar the Class Member from receiving any monetary award pursuant to the proposed settlement. Class Members who do not file timely and valid Claim Forms shall nonetheless be bound by the judgment and release in this action as set forth in the proposed Settlement Agreement, unless that Class Member timely opts out of the settlement.

It shall be the sole responsibility of each Class Member who seeks a monetary award to notify the Claims Administrator if the Class Member changes his or her address. Failure of a Class Member to keep the Claims Administrator apprised of his or her address may result in the claim being denied or forfeited.

5       Deadline for Submitting Motion Seeking Final Approval

No later than thirty (30) days before the Fairness Hearing, Plaintiffs shall file a Motion for Final Approval of the Settlement. On or before one week before the Fairness Hearing, the Parties may file with the Court a reply brief responding to any filed objections.

6       Deadline for Petition for Attorneys' Fees

Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses no later than thirty (30) days before the Fairness Hearing. Class Counsel may file a reply to any opposition memorandum filed by any objector no later than one week before the Fairness Hearing.

7

7    <u>Deadline for Petition for Approval of Service Payments</u>

Class Counsel shall file with this Court their petition for an award of service payments to the Class Representatives no later than thirty (30)days before the Fairness Hearing. Class Counsel may file a reply to any opposition memorandum filed by an objector no later than one week before the Fairness Hearing.

<u>PLAINTIFFS' AND CLASS MEMBERS' RELEASE</u>

If, at the Fairness Hearing, this Court grants final approval to the settlement, named Plaintiffs and each individual member of the Rule 23 Class Action who does not timely opt-out will release claims, as set forth in Settlement Agreement and Claim Form, by operation of this Court's entry of the Judgment and Final Approval, regardless of whether he or she submits a Claim Form or receives any share of the settlement fund.

<u>APPOINTMENT OF CLAIMS ADMINISTRATOR</u>

EPIQ Systems is hereby appointed Claims Administrator to carry out the duties set forth in this Order and the Settlement Agreement.

DATED:  June 23, 2008

_____

Hon. Anthony J. Battaglia

U.S. Magistrate Judge

United States District Court

IT IS SO ORDERED.

8